HERMINIA RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN SEGUNDA, recurrido.

No. 866.—*Sometido:* Mayo 24, 1932. *Resuelto:* Julio 29, 1932.

*Luis Ríos Algarín,* abogado de la recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

En 2 de julio de 1924 la recurrente Herminia Rodríguez adquirió un solar sobre el cual alega haber edificado una casa vivienda de una sola planta, con una casilla anexa de dos plantas, dedicada a garage y para la vivienda del servicio. El 24 de septiembre de 1927 la recurrente contrajo matrimonio en la ciudad de Nueva York, Estados Unidos de América, con el que es hoy su esposo don Onofre Salvá. Más tarde regresó a Puerto Rico y el 21 de marzo de 1932 levantó un acta de edificación ante el notario Luis Ríos Algarín y presentó la escritura al registrador recurrido, solicitando que las referidas edificaciones fueran inscritas como bienes privativos de la recurrente durante su estado de soltería o viudez. Alega la recurrente que estas edificaciones fueron construídas durante los meses de noviembre y diciembre de 1926. El registrador inscribió la escritura con la siguiente nota:

"INSCRITO el precedente documento al folio 238 vuelto, del tomo 64 de Río Piedras, finca número 2724, inscripción segunda, practicada con el defecto subsanable de no haber prestado su consentimiento el señor Onofre Salvá, para que se inscriban las edificaciones como bienes privativos de su esposa Herminia Rodríguez.—Dichos solar y edificaciones se hallan libre de cargas.—San Juan, P. R., abril 26 de 1932. (Firmado) F. de la Torre.—Registrador Sustituto."

La recurrente alega que el registrador recurrido cometió error, porque es innecesario el consentimiento del esposo para la inscripción de estos bienes que adquirió con anterioridad al matrimonio.

Como hemos visto, el registrador al inscribir la finca con defecto subsanable no se basó en que no se hubiese probado el carácter privativo de los bienes, sino únicamente en no haberse prestado el consentimiento del esposo. Este consen-

timiento no es necesario cuando los bienes son en realidad privativos. Nosotros tenemos que limitarnos en este recurso a considerar las cuestiones planteadas en la nota recurrida. Al registrador se le pidió que inscribiese la finca a nombre de doña Herminia Rodríguez, y en efecto la inscribió, señalando únicamente el defecto de no haber prestado su consentimiento el esposo de la recurrente, y siendo ésta la única razón alegada en la nota recurrida, nosotros decimos que no constituye defecto la falta del consentimiento del esposo cuando los bienes son en realidad privativos.

*Debe revocarse la nota recurrida.*